UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEROME WELLS, | ) | CASE NO. 1:08 CV 3007 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GERALD MCFAUL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 24, 2008, pro se plaintiff Jerome Wells filed this action under 42

U.S.C. § 1983 against Cuyahoga County Sheriff Gerald McFaul, Cuyahoga County Jail Warden

Kevin McDonough, Assistant Jail Warden Shaffer, Officer Green, Officer Hale, Officer Walls,

Officer Bradley, Officer Pritchard, Dr. Tufor, John Doe, Nurse Richards and Mike Salay.  In the

complaint, plaintiff challenges numerous conditions of his confinement.  He seeks monetary

damages.

## Background

Mr. Wells contends that Officer Green defaced his transport card.  He states he was

returning from court on March 3, 2008, and handed his photo identification transport card to Officer

Green.  Later that evening, as he was going to dinner, he noticed that someone had drawn a beard,

nose and horns on his transport card photograph.  He believes Officer Green made the alterations.

He complained to a captain about the defacement and was issued a new card.  He claims "by then the damage had been done."  (Compl. at 1.)

Mr. Wells also alleges he was insulted by Officer Hale.  (Compl. at 1.)  He states that on April 7, 2008 "Officer Hale had two inmates on the floor with him rapping."  (Compl. at 1.)  Another inmate made a comment about the noise which Officer Hale attributed to Mr. Wells.  Officer Hale approached plaintiff's cell and verbally insulted him using sexually explicit language.  Mr. Wells responded by reciprocating the same verbal insult.  Two other corrections officers heard the commotion and responded to the scene.  He contends Officer Hale continued to spout profanity.  Several hours later, Officer Hale returned to Mr. Wells's cell and attempted to speak with him.  Mr. Wells refused to acknowledge him.  Abandoning the attempt, Officer Hale apologized to the entire pod for his behavior.  Mr. Wells was later approached by Lieutenant Ivory who indicated he'd received information concerning the incident and asked what occurred.  Mr. Wells indicated he feared retaliation and declined to discuss the matter.  The next day, he was called to the infirmary where he was met by Sheriff's Deputy Sergeant Smith.  Again, he was asked about the incident.  He was told Officer Hale "had confessed."  (Compl. at 2.)  Mr. Wells consulted with his attorney and declined to speak about the incident.  When Mr. Wells appeared in court for his next hearing, he informed Judge Russo about the incident.  The judge asked the prosecutor to look into the matter.  Mr. Wells decided to pursue his grievance against Officer Hale in June 2008 and contacted the Sheriff's office.  At that point, the Warden arrived at his cell and took his statement.  He claims he was told they would follow up with him but that did not happen.

Mr. Wells claims he was not given proper medical attention.  He indicates he was diagnosed with diabetes in May 2008.  Dr. Tufor ordered a diabetic tray at meal times and

prescribed insulin.  He contends that despite these efforts, his blood sugar levels remained high.  He saw a different physician at his next appointment, who suggested he was taking too much medication.  She reduced his dosage and explained his dietary restrictions.  Mr. Wells indicated to her that he was not receiving the diabetic tray at meals.  The physician re-issued the order.  His next appointment was with Dr. Tufor.  Dr. Tufor increased his dosage of insulin to the original amount prescribed and said Mr. Wells was not over-medicated.

In June 2008, Mr. Wells received a new cellmate he considered to be dangerous.  He alleges the man suffered from a mental disorder.  He expressed his concern to the officer on duty who allegedly told him to return after the officer had slept for an hour.  He returned to the officer's desk again at a later time and asked to see a corporal.  He was told the corporal was unavailable.  Mr. Wells was told to return to his cell for lock down.  He refused.  Other officers offered assistance.  Mr. Wells was taken to the segregation pod.  His cellmate was moved to another cell.

In the segregation pod the following day, Mr. Wells was involved in an altercation with Officer Pritchard.  Officer Pritchard and Officer Bradley were delivering the lunch meal trays.  Mr. Wells informed them that his tray should be a diabetic tray.  He was asked if he was refusing his tray to which he replied that he was not.  Mr. Wells claims Officer Pritchard slammed his tray on the floor and used profanity.  He alleges the officer went inside the cell, slammed him up against the wall and jerked his arms down to place handcuffs on his wrists.  He was forced into the hallway when a captain came by.  He ordered the officer to put Mr. Wells back into his cell.  Mr. Wells was removed from segregation the next day.

Finally, Mr. Wells complains of several health issues.  He claims he has had a staph infection on several occasions while at the jail.  Although he has received treatment, he was not able

3

to fully recover from the infection.  In addition, he claims he lost consciousness when his blood

sugar levels were uncontrolled.  He was told he could not miss meals or his insulin medication.

Lastly, he claims he reported to sick call on August 26, 2008 with "butt boils."  He indicates that

although he was in pain, Nurse Richard would not examine him because he had been at sick call

the previous day complaining of another ailment.  He had to wait several hours before he was given

an antibiotic and pain medication.

Mr. Wells asserts numerous claims.  He asserts that Gerald McFaul, Kevin

McDonough, and Warden Shaffer are liable to him because they supervise the jail and its

operations.  He contends Officer Green was cruel for defacing his transport card and leaving it

where it could be seen by others.  He asserts that Officer Hale engaged in verbal harassment.  He

indicates Officer Walls failed to protect his safety.  He contends Officers Bradley and Pritchard

used unnecessary force against him.  He states Dr. Tufor failed to properly treat his condition.  He

asserts John Doe failed to assist him when he lost consciousness, and Nurse Richards failed to

provide proper treatment for his diabetes and staph infection.  Mr. Wells claims Mike Salay failed

to obey the doctor's orders for a special food tray.  He seeks $ 1,000,000.00 from each defendant.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Wells has not asserted a viable claim against Sheriff McFaul, Warden McDonough, or Warden Shafer.  "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Liability, therefore, must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. Although Sheriff McFaul, Warden McDonough, and Warden Shafer supervise the other defendants, They cannot be held liable for the actions of their subordinates.  In order for liability to attach to any of these supervisors, Mr. Wells must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the actions. Id. He must show that the supervisors somehow encouraged or condoned the actions of their employees.  Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995).  There is nothing in the complaint which reasonably suggests that these defendants were personally involved in the incidents described in the complaint or that they in any encouraged the actions.  The claims against Sheriff McFaul, Warden

---

[1]    An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

McDonough, and Warden Shafer are dismissed.

Mr. Wells claims that Officer Green and Officer Hale engaged in inappropriate conduct.  He alleges Officer Green defaced his transport card and Officer Hale used sexually explicit profanity.  Mr. Wells does not provide any indication of the legal cause of action upon which he intends to base his claim against this defendant.  It is plausible that the plaintiff is attempting to pursue a claim for cruel and unusual punishment under the Eighth Amendment. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, see Barber v. City of Salem, Ohio, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir.1994); see also Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). Where any person acting under color of state law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment rights, § 1983 provides civil redress. 42 U.S.C. § 1983; e.g., City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989).

Verbal harassment and offensive comments, however, are generally not cognizable as constitutional deprivations.  See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987).  If the allegations against Officer Green and Officer Hale are true, their behavior was certainly not appropriate. It may even subject the officers to disciplinary action. It does not, however, constitute the type of deprivation or infliction of pain that is protected by the Eighth Amendment.

Mr. Wells claims Officer Walls failed to protect him from his mentally ill cell mate.

Prison officials can be held liable for an Eighth Amendment violation when the official is deliberately indifferent to a substantial risk of serious harm to an inmate. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim for relief, the inmate must show that he is incarcerated under conditions which pose a serious risk of harm; and that the official acted with a sufficiently culpable state of mind with regard to the inmate's health or safety. Id. The failure to segregate violent inmates from non-violent inmates has been held to constitute "deliberate indifference" where there is a pervasive risk of harm or where the victim belonged to an identifiable group of prisoners for whom risk of assault is a serious problem. Street v. Corrections Corporation of America, 102 F.3d 810, 814 (6th Cir. 1996); Marsh v. Arn, 937 F.2d 1056, 1061 (6th Cir. 1991). There are no allegations in the complaint that suggest the inmate placed in Mr. Wells cell was violent or made actual threats to Mr. Wells. He merely alleges "they knew something was wrong with him." (Compl. at 3.) Nothing in the complaint suggests Officer Walls was aware of a serious risk to Mr. Wells's health or that he disregarded that risk.

The complaint contains a cause of action against Officer Bradley and Officer Pritchard for use of excessive force. He alleges that while these defendants were delivering food trays, Officer Pritchard went inside the cell, slammed him up against the wall and jerked his arms down to place handcuffs on his wrists. The standard used to analyze "excessive force" claims under the Eighth or Fourteenth Amendments requires the court to determine whether the officer acted in a good faith effort to maintain or restore discipline, or whether he acted maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1 (1992). Although prison officials may often be required to use physical contact to insure prison security, they can violate the Eighth or Fourteenth Amendment if the contact represents an "unnecessary and wanton infliction of pain." Estelle v.

7

Gamble, 429 U.S. 97, 103 (1976).  Although the facts alleged in the complaint may state a claim

against Officer Pritchard which is sufficient to survive summary dismissal under § 1915(e), there

are no factual allegations in the pleading which implicate Officer Bradley in these actions.

Mr. Wells claims Dr. Tufor and Nurse Richards failed to properly treat his various

medical conditions.  In order to establish a claim for inadequate medical care under the Eighth

Amendment,  plaintiff must demonstrate that the defendants acted with deliberate indifference to

his serious medical needs.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  An official acts with

deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that

the official act with conscious disregard of a substantial risk of serious harm.  Id. at 837.  Mere

negligence will not suffice.  Id. at 835-36.  Consequently, allegations of medical malpractice,

negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim.  Moreover,

where a prisoner has received some medical attention and the dispute is over  the adequacy of the

treatment, federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law.  Westlake v. Lucas, 537 F.2d 857, 860 n. 5.

(6th Cir. 1976).  Mr. Wells alleges Dr. Tufor is over-medicating him, and after several months of

treatment, has failed to stabilize his blood sugar levels.  He alleges Nurse Richards refused to

examine boils on his buttocks because he had been at sick call on the previous day complaining of

other symptoms.  Neither of these allegations suggests the defendants acted with criminal

recklessness in failing to treat serious medical conditions.

Finally, Mr. Wells includes claims against Mike Salay and John Doe.  There are no

facts in the pleading which mention these individuals. They are not identified in any way. Plaintiff

cannot establish the liability of any defendant absent a clear showing that the defendant was

8

personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

## Conclusion

Accordingly, plaintiff's claims against Cuyahoga County Sheriff Gerald McFaul, Warden Kevin McDonough, Assistant Warden Shaffer, Officer Green, Officer Hale, Officer Walls, Officer Bradley, Dr. Tufor, John Doe, Nurse Richards and Mike Salay are dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This case shall proceed solely on plaintiff's claim for the use of excessive force against Officer Pritchard.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

Dated:  March 4, 2009                                    s/       James S. Gwin
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.